Bursinger vs. A. Fuermann Brewing Co.

BURSINGER, Respondent, vs. A. FUERMANN BREWING COMPANY, Appellant.

*March 17 — April 7, 1897.*

*Appeal: Verdict sustained by evidence.*

Upon appeal in a case involving only questions of fact, where the verdict was fairly sustained by the evidence, the judgment was affirmed.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The action is upon a promissory note executed by the defendant to A. Fuermann, Sr., for $10,806.88, and by the payee made a gift to the plaintiff, who was his daughter. The defense was want of consideration. The payee of the note was a wealthy brewer. He put his brewing property into a corporation,— the defendant brewing company. He gave stock to two of his sons, retaining the major part himself. The three constituted the stockholders and officers of the corporation. The sons became largely indebted to the corporation. The father paid the debts to the corporation, and took an assignment of their stock from the sons. On a settlement of their affairs, there was found to be due to the father the sum named in the note for unpaid salary as president of the corporation and dividends made at the time, and the note was given, on that consideration, as a settlement and compromise. For the defense it was claimed that the corporation was insolvent, and had no right to prefer its stockholders and officers; that the capital of the corpo-

ration was a trust fund for creditors, and the note fraudulent as to them; that, although the books showed a surplus, that was apparent only, not real, and the product of the bookkeeping only, and that the salary had been once paid. There was a special verdict, whereby all the issues were found for the plaintiff, and judgment was entered thereon, from which the defendant appeals.

*Harlow Pease,* for the appellant.

For the respondent there was a brief by *Geo. Grimm,* attorney, and *L. B. Caswell* and *W. H. Rogers,* of counsel, and oral argument by *Mr. Caswell* and *Mr. Rogers.*

NEWMAN, J. The case involves only questions of fact. The verdict is fairly supported by the evidence. There were no serious errors of practice in the trial. The books of the defendant showed credits to A. Fuermann, Sr., for salary to a larger amount than the note. They also showed a surplus of earnings. This tends, at least, to show a sufficient consideration for the note. But it is said that such surplus was only apparent, not real, and that the corporation owed a large indebtedness and was really insolvent; but the evidence really tends to show that the corporation, if insolvent at all, was only theoretically so. It was and has been a steadily going concern, and has never become practically insolvent. It is not needful to scrutinize too closely. No rights of creditors are involved or affected by the litigation. No one of the stockholders was ignorant of the situation, or made the settlement under the influence of misconception or deception. They were all adult men, and had the right to do as they would with their own. There really seems to be no reason why the settlement should not be carried out. Really, A. Fuermann, Sr., was the *A. Fuermann Brewing Company.* He furnished all the property which it owned. He used it as a means for the advancement of his children. He gave stock to his sons. He desired his daughter, the

plaintiff, to have from his property the amount of this note. No one was deceived or will be injured if his purpose in that regard be carried out.

*By the Court.*— The judgment of the circuit court is affirmed.